UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO RIVERA,<br><br>                            Plaintiff,<br><br>        v.<br><br>D. URIBE, et al.,<br><br>                            Defendants. | Civil No.   10-CV-02245 LAB (BGS)<br><br>**ORDER REQUIRING<br>SUPPLEMENTAL BRIEFING** |

On March 7, 2011, Defendants filed an unenumerated 12(b) motion for failure to exhaust administrative remedies, as required by The Prison Litigation Act ("PLRA"), 42 U.S.C. § 1997e(a). The applicable exhaustion guidelines are those proscribed by the prison administration authority. *Woodford v. NGO*, 548 U.S. 81, 218; *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005) (citing *Strong v. David*, 297 F.3d 646, 650 (9th Cir. 2002)). In California, a prisoner must comply with a three-tiered appeals process before his administrative remedies are deemed exhausted. Cal. Code Regs. tit. 15, § 3084.1(b).

Defendants assert "there are no exceptions to the exhaustion requirement." (Defs.' Mot. To Dismiss, p. 3). The Ninth Circuit, however, has held the PLRA's exhaustion requirement is excused when administrative remedies are "effectively unavailable." *Sapp v. Kimbrell*, 623 F.3d 813, 822-823 (9th Cir. 2010). Specifically, administrative remedies are "effectively unavailable" when the prisoner either: (1) "took reasonable and appropriate steps to exhaust his claim and was precluded from exhausting, not through his own fault but by the Warden's mistake," or (2) filed an appeal which prison officials rejected for "improper reasons." *Id.* (Internal citations omitted). To qualify for the latter, a

prisoner must demonstrate that he "actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court." *Id.* Second, the prisoner must establish "prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." *Id.* at 823.

Plaintiff received a Rules Violation Report ("RVR") on November 20, 2009. (Complaint at 8, 11).[1] On December 3, 2009, Plaintiff appealed the RVR to the second level of review, requesting he "be relieved from the charges pending [against him]." (Declaration of D. DeGeus in Support of Defendants' Motion to Dismiss Plaintiff's Complaint ("DeGeus Decl.") p. 6, Ex. A). The Appeals Coordinator rejected the appeal on December 8, 2009, stating that an RVR cannot be appealed until after a hearing has occurred. (*Id.* at 8, Ex. B). On April, 29, 2010, Plaintiff filed an additional appeal with the second level of review, requesting monetary damages, as well as the removal of the RVR from his central file. (*Id.* at 6, Ex. B). On April 30, 2010, the Appeals Coordinator again rejected Plaintiff's appeal, stating it was duplicative of the December 3, 2009 appeal. (*Id.* at 12, Ex. D). Additionally, the Appeals Coordinator reiterated that a disciplinary decision is not ripe for appeal until after a hearing. (*Id.*). Finally, on May 10, 2010, Plaintiff filed an appeal with the third and final level of review, requesting among other things, a full investigation and reimbursement for damages he incurred. (*Id.* at 14, Ex. E). On May 24, 2010, the Appeals Coordinator again rejected Plaintiff's appeal, this time citing the basis as "too great a time lapse...[t]his even [sic] occurred on 11/20/09; therefore, exceeding time constraints." (*Id.* at 24).

Defendant's motion to dismiss is unopposed. Where plaintiff proceeds pro se, however, this Court is obligated, particularly in civil rights cases, to construe pleadings liberally and afford plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*) (citing *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir.1984)). Neither party's pleadings reveal whether an RVR hearing ever occurred. Yet, both of Plaintiff's second-level appeals, filed nearly five months apart, were rejected because an RVR hearing had not yet occurred. Furthermore, Defendant's third-level appeal was not rejected for failure to exhaust the second level of

---

[1] Page numbers referencing the Complaint are those assigned to the document by the CM/ECF filing system.

1  appeal, but rather due to "too great a time lapse" between the date of the incident and the third-level
2  appeal. (DeGeus Decl. at 24). Thus, this Court is unable to determine whether Plaintiff's appeals were
3  improperly rejected, and consequently, whether an exception to the PLRA's exhaustion requirement
4  applies.

5  Defendants shall file a Supplemental Memorandum of Points and Authorities and any supporting
6  declarations or evidence on or before **August 8, 2011**. This document should contain all arguments and
7  evidence arguing why the exceptions discussed herein should not apply. Furthermore, Defendants shall
8  state and support with declarations or evidence whether Defendant received an RVR hearing and if not,
9  why such a hearing did not occur.

10 Plaintiff shall file a Supplemental Opposition to any matters raised in Defendant's Supplemental
11 Memorandum of Points and Authorities on or before **August 26, 2011**.

12 **IT IS SO ORDERED.**

14 DATED: July 21, 2011

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court